JOHN COLLINS ET AL.

v.

MARVIN H. THOMAS.

</div>

INSTRUCTIONS.—In giving instructions, courts should not assume a fact as proved in respect to which there is a conflict of evidence.  Whether appellants were partners and thus capable of making admissions as to their partnership business which would bind each other, was a question of fact which should have been embraced as a part of the hypothesis of the instruction given, instead of being assumed by the court.

APPEAL from the Superior Court of Cook county; the Hon. KIRK HAWES, Judge, presiding.  Opinion filed June 27, 1883.

Messrs. M. A. RORKE & SON and Mr. ANDREW M. RORKE, for appellants; as to jurisdiction, cited Hurd's R. S. 1881, § 22,

Collins v. Thomas.

pp. 333, 337; R. S. 1881, p. 66; Wight v. Wallbaum, 39 Ill. 554; Harvey v. Van DeMark, 71 Ill. 117.

A judgment of law must be a unit and being erroneous as to one defendant, it must be reversed as to all: Jansen v. Varnum, 89 Ill. 100; Williams v. Chalfant, 82 Ill. 218; Dally v. Young, 3 Bradwell, 38; Logan v. Burr, 3 Bradwell, 458; Ragor v. Kendall, 70 Ill. 95; C. & H. L. R. R. Co. v. Easterly, 89 Ill. 156; Goit v. Joyce, 61 Ill. 489; Rosenberg v. Barrett, 2 Bradwell, 386.

An instruction not based on the evidence is erroneous: Andreas v. Ketchum, 77 Ill. 377; Hunting v. Baldwin, 6 Bradwell, 547; East v. Crow, 70 Ill. 91; Badger v. Paper Co. 70 Ill. 203; American v. Rimpert, 75 Ill. 228; Alexander v. Mt. Sterling, 71 Ill. 366; King v. Haley, 86 Ill. 106; Straus v. Minzesheimer, 78 Ill. 492.

As to the power of the court to cure an erroneous verdict by the rendition of a judgment in proper *form:* Herth v. Lynch, 96 Ill. 409; Hampton v. Watterson, 14 La. Ann. 239.

Messrs. RUBENS & McGAFFEY, for appellee.

WILSON, J. This was a suit brought by appellee against appellants to recover a balance claimed to be due to him for work and labor as a printer. There was a verdict and judgment for the plaintiff below for $80.10 from which this appeal is prosecuted.

Various grounds for reversal are urged, none of which, we think, are valid, except that in relation to the modification of one of defendant's instructions. The instruction as asked was as follows: "The court instructs the jury as matter of law that the plaintiff is bound to prove his case by a preponderance of evidence, and if in this case the jury believe from the evidence that the testimony is evenly balanced in all material points, then they, the jury, may find for the defendants.' To this the court added: "Except as to eighteen dollars and eighty-seven cents admitted to be due by both the defendants."

We find no sufficient evidence in the record to warrant the

qualification added by the court. The suit is against John and George W. Collins. The plaintiff testified that he was employed by and worked for John Collins, and that there was due from him $80.10. The only admission appearing in the bill of exceptions, is a statement made by John Collins that the plaintiff earned in his office $257.22, and that he had paid him $238.35, leaving a balance at the date of the commencement of the suit of $18.75, which amount he owed the plaintiff. There was no proof of any admission of indebtedness made by George W. Collins, but it is claimed that he admitted that he was a partner with John Collins. In reply to a question of the court he says: "Father and I were partners in business at the time the work was done," without saying in what business, whether in the printing or some other business. This is the only evidence in relation to a partnership. Aside from this, the entire testimony, plaintiff's as well as defendant's, was to the effect that the printing was the individual business of John Collins.

If George W. Collins was not a partner in that particular business, the admission of John Collins was not his admission. We think it was a question of fact which should have been embraced as a part of the hypothesis of the instruction, instead of being assumed by the court; and that instead of telling the jury that the defendants admitted $18.75 to be due, they should have been instructed that if they believed from the evidence that George W. Collins was a partner with John Collins in the printing business in question, then the admission of John Collins would, in legal effect, be the admission of both. In giving instructions courts should not assume a fact as proved in respect to which there is a conflict of evidence. Hunting v. Baldwin, 6 Bradwell, 547; Andrews v. Ketchum, 77 Ill. 377. For the error of the court in qualifying the instruction, the judgment must be reversed, and the cause remanded for a new trial.

Reversed and remanded.